599 A.2d 993

**COMMONWEALTH of Pennsylvania**

v.

**Lawrence GRIER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 1991.

Filed Nov. 20, 1991.

Robert M. Barrett, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com.

Before BECK, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order entered on April 30, 1991, denying appellant's petition for post-conviction relief. On appeal, appellant contends that he is entitled to relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–46, because: (1) the trial court erred in revoking appellant's probation; (2) appellant's counsel was ineffec-

tive for failing to introduce favorable evidence at the time of the revocation hearing; and (3) appellant's counsel was ineffective for failing to file a post-sentencing motion to preserve sentencing issues. For the following reasons, we affirm the order dismissing appellant's claim for post-conviction relief.

Appellant pleaded guilty to two counts of criminal trespass[1] and one count of criminal mischief[2] on June 15, 1988. After conducting a colloquy, the court accepted appellant's plea and sentenced appellant to two concurrent terms of two years probation.

On August 16, 1990, during the term of appellant's probation, appellant pleaded guilty to a new charge of criminal trespass.[3] This constituted a violation of probation. Consequently, his probation was revoked at a probation violation hearing on September 26, 1990, and appellant was sentenced to two consecutive terms of incarceration of two-and-one-half-to-five years. No post-sentencing motions were filed, and no appeal taken. However, on December 31, 1990, appellant filed a *pro se* petition under the PCRA, alleging that his counsel was ineffective and that his sentence was excessive. On January 8, 1991, an amended PCRA petition was filed by court-appointed counsel, alleging that the trial court erred in revoking his probation. On April 30, 1991, the court dismissed appellant's PCRA petition without a hearing, after concluding that there existed no genuine issue of material fact and that appellant presented no claims entitling him to relief under the PCRA. Opinion, Bigley, J., 6/19/91, at 3–4. This timely appeal followed.

■ Appellant's first contention on appeal is that the court erred in revoking his probation. As a preliminary

---

1. Appellant was charged with one count of criminal trespass under 18 Pa.C.S.A. § 3503(a)(1)(ii) on November 14, 1987, and one count of criminal trespass under 18 Pa.C.S.A. § 3503(a)(1)(i) on February 19, 1988.

2. Appellant was charged with one count of criminal mischief under 18 Pa.C.S.A. § 3304(a)(1) on November 14, 1987.

3. Appellant was sentenced separately to four-and-one-half-to-twelve months incarceration on this charge.

matter, we must determine whether this claim is cognizable under the PCRA. The PCRA limits the *types* of claims that are cognizable. Thus, the petitioner must "plead and prove by a preponderance of the evidence" that the conviction or sentence resulted from one or more of eight specified circumstances. *See* 42 Pa.C.S.A. § 9543(a)(2)(i)–(vii).

Appellant's claim is that his probation was improperly revoked. The only PCRA category under which this claim could arguably be brought is § 9543(a)(2)(vii), which governs "imposition of sentences greater than the lawful maximum." However, appellant has made no attempt to conform his arguments to the requirements of the PCRA. Furthermore, appellant does not argue that the sentence imposed was unlawful, i.e., greater than the lawful maximum,[4] nor does he dispute that he violated his probation.

---

4. A sentence that exceeds the statutory maximum is illegal. *Cf. Commonwealth v. Britton*, 334 Pa.Super. 203, 222, 482 A.2d 1294, 1304 (1984) (en banc) (court held that sentence exceeding statutory limit was illegal), *allocatur granted, appeal dismissed as having been improvidently granted*, 509 Pa. 620, 506 A.2d 895 (1986). In this case, appellant's sentences, although above the sentencing guidelines, were well below the statutory limit.

Appellant pleaded guilty to two counts of criminal trespass, one a second-degree felony and the other a third-degree felony, and one count of criminal mischief, a third-degree misdemeanor. The sentencing guidelines suggest that, with appellant's prior record score of zero, the standard range sentences for these charges are: zero-to-twelve months for the second-degree felony, zero-to-twelve months for the third-degree felony and zero-to-six months for the third-degree misdemeanor. The aggravated range sentences are: twelve-to-eighteen months for the second-degree felony, twelve-to-eighteen months for the third-degree felony and the statutory limit for the third-degree misdemeanor. *See* Sentencing Guidelines, 204 Pa.Code § 303.9, *reprinted in* 42 Pa.C.S.A. § 9721. In comparison, appellant was sentenced to a total of two-and-one-half-to-five-years for the second-degree felony and third-degree misdemeanor charges, and another two-and-one-half-to-five-years for the third-degree felony charge. Thus, the sentences for these charges exceeded the statutory guidelines.

However, appellant's sentences are within the statutory limits. The statutory limit for a second-degree felony is not more than ten years. 18 Pa.C.S.A. § 1103(2). The statutory limit for a third-degree felony is not more than seven years. 18 Pa.C.S.A. § 1103(3). Finally, the statutory limit for a third-degree misdemeanor is not more than one year. 18 Pa.C.S.A. § 1104(3). Hence, appellant's cumulative sentence

Rather, he argues that the trial court, in revoking his probation, failed to consider "the existence of unusual circumstances ... that the Appellant's initial conviction and subsequent arrest represented isolated incidents rather than a pattern of behavior." Appellant's Brief at 6. This claim is not cognizable under the PCRA.

Appellant's last two contentions involve the effectiveness of his counsel. Appellant first argues that his counsel was ineffective for "failing to introduce favorable evidence at the time of the revocation hearing," Appellant's Brief at 7. Secondly, appellant argues that his counsel was ineffective for failing to file a motion to modify sentence. *Id.* Again, we must determine whether these claims are cognizable under the PCRA.

A claim for ineffectiveness may be raised in a PCRA petition if the ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We have interpreted this to mean that an ineffectiveness claim brought under the PCRA must raise a question of whether an "innocent individual" has been convicted. *See Commonwealth v. Perlman*, 392 Pa.Super. 1, 5, 572 A.2d 2, 4 (1990) (contention of ineffectiveness for failing to preserve insufficiency of evidence issue was cognizable because it raised issue of possible innocence). We have held that the language in the PCRA referring to ineffectiveness claims constitutes "a substantial restriction of the grounds for post-conviction collateral relief in Pennsylvania." *Commonwealth v. Thomas*, 396 Pa.Super. 92, 98, 578 A.2d 422, 425 (1990) (comparing PCRA provision to broader language in predecessor Post Conviction Hearing Act).

This court recently held that an ineffective assistance of counsel claim regarding counsel's performance at sentencing and failure to preserve the issue of an excessive sentence was not cognizable under PCRA. In *Commonwealth*

of five-to-ten-years for the three charges does not exceed the statutory limits.

*v. Wolfe*, 398 Pa.Super. 94, 580 A.2d 857 (1990), the court determined that counsel's failure to put forth mitigating factors for the trial court to consider in sentencing did not constitute a claim for ineffectiveness under the PCRA, as the claim only raised an issue as to the discretionary aspects of the sentence. Thus, the claim did not render the adjudication unreliable as to the ultimate guilt or innocence of the petitioner. *Id.*, 398 Pa.Superior Ct. at 99–100, 580 A.2d at 860. *See also Commonwealth v. Weinder*, 395 Pa.Super. 608, 626–27, 577 A.2d 1364, 1374 (1990) (it is not enough for appellant to show that he suffered some prejudice from counsel's inaction because purpose of PCRA is to prevent fundamentally unfair conviction; appellant must show that inaction rendered trial result inherently unreliable). *Compare Commonwealth v. Pitts*, 397 Pa.Super. 387, 394–95, 580 A.2d 352, 355–56 (1990) (allegation of ineffective assistance of counsel for failure to seek severance of charges, failure to allow petitioner to testify and failure to pursue particular defense not cognizable); *Commonwealth v. Dukeman*, 388 Pa.Super. 469, 471, 565 A.2d 1204, 1205 (1989) (allegation of ineffective assistance of counsel for failure to file motion to dismiss for violation of Rule 1100 not cognizable); *Commonwealth v. Lyons*, 390 Pa.Super. 464, 469, 568 A.2d 1266, 1269 (1989) (allegation of ineffective assistance of counsel for failure to preserve issue of defective preliminary hearing not cognizable), *allocatur denied*, 525 Pa. 663, 583 A.2d 792 (1990).

In the instant case, neither of appellant's contentions raises an issue going to his ultimate guilt or innocence. Appellant's first contention is that trial counsel was ineffective by failing to introduce favorable evidence at the time of the revocation hearing.[5] Appellant does not explain

---

**5.** We note that appellant does not detail what favorable evidence should have been introduced. This court has held that we will not consider ineffectiveness claims in the abstract. *Commonwealth v. Weinder*, 395 Pa.Super. 608, 617, 577 A.2d 1364, 1369 (1990) (claim of ineffectiveness for failure to pursue other avenues of defense too abstract). Thus, even if the instant appellant's claim was cognizable, it is too indefinite to examine on its merits.

how this failure undermined the truth-determining process, nor does he allege that it prevented a reliable determination as to his guilt or innocence. Rather, it appears from subsequent paragraphs in his brief that appellant is arguing that the allegedly favorable evidence would have affected his sentence after his probation was revoked. Thus, this ineffectiveness claim is not cognizable under the PCRA.

Similarly, appellant's final contention, that counsel was ineffective for failing to preserve the issue of sentencing by filing a motion to modify sentence, is also outside the scope of the PCRA.[6] This claim is very similar to that advanced by the petitioner in *Wolfe, supra*. The *Wolfe* court rejected it, holding that such a claim is not cognizable under the PCRA. Accordingly we affirm the order of the trial court dismissing appellant's claim for post-conviction relief.

Order affirmed.

---

**6.** We note that appellant mislabels the sentencing issue as a challenge to "the legality of the sentence imposed." Appellant's Brief at 8. However, we have already determined that appellant's sentence was not illegal. Thus, the only sentencing issue that counsel failed to preserve would involve the discretionary aspects of sentencing. This claim does not raise a question as to the reliability of the result in the instant case, and, therefore, is not cognizable as an ineffectiveness of counsel claim under the PCRA.