J-S06016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TALIB ANDERSON | |
| Appellant | No. 60 EDA 2014 |

Appeal from the PCRA Order December 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0211481-2001

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED FEBRUARY 19, 2015**

Talib Anderson appeals from the order of the Court of Common Pleas of Philadelphia County, dismissing without a hearing his petition brought pursuant to the Post Conviction Relief Act.[1]  We affirm based on the opinion of the Honorable Gwendolyn Bright.

On direct appeal, this Court set forth the relevant facts of this case as follows:

> [On October 17, 1998,] the victim robbed a group of men playing craps on the street, including Jarod Strickland. Strickland was mad, and told one witness "somebody was going to pay" and he would "be back."  Early the next morning, [Anderson] and another male, riding in a car, stopped Beth Ann Parsons and [Anderson] asked her if she knew where the victim

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

was. She told them his usual whereabouts. Parsons then saw the victim and told him that someone was looking for him. Approximately 1 to 2 hours later, she saw the victim again. At that time, she saw [Anderson] and another man pull up in a car, exit the car, walk past her and start shooting the victim. She saw the victim fall to the ground.

David Harrington, who knew the victim, [Anderson], and Strickland, was awakened that morning by gunshots. After hearing the shots, he exited his house and saw Strickland standing over the victim, holding a gun. Harrington also saw [Anderson] standing next to a nearby car calling to Strickland, "Come on. Come on." He subsequently saw both [Anderson] and Strickland get in the car, and the car drive away.

The victim died; he had been shot six times; the bullets were fired from two different guns.

***Commonwealth v. Anderson***, No. 1223 EDA 2003, unpublished memorandum at 2-3 (Pa. Super. filed June 4, 2004) (citations omitted).

On January 24, 2003, a jury convicted Anderson of third degree murder and criminal conspiracy, and on April 2, 2003, the court sentenced him to 16 to 32 years' incarceration. This Court affirmed the judgment of sentence, and on December 28, 2006, the Supreme Court of Pennsylvania denied Anderson's petition for allowance of appeal. ***Commonwealth v. Anderson***, 916 A.2d 630 (Pa. 2006).

Anderson filed a timely *pro se* PCRA petition on September 5, 2007. The court appointed counsel, who subsequently withdrew, and on November 9, 2012, new counsel filed the instant amended petition. The Commonwealth filed a motion to dismiss on March 15, 2013. By notice dated October 24, 2013, the court informed Anderson that it intended to

dismiss his PCRA petition without a hearing. *See* Pa.R.Crim.P. 907. The court dismissed the petition on December 12, 2013.

This timely appeal followed, in which Anderson raises the following issue for our review:

> Did the trial court err in denying [Anderson] an evidentiary hearing when [he] alleged and demonstrated on the record that trial defense counsel was ineffective when counsel failed to file a post sentence motion asserting that the verdict was against the weight of the evidence?

Brief of Appellant, at 2.

In reviewing an appeal from the denial of PCRA relief, "our standard of review is whether the findings of the court are supported by the record and free of legal error." *Commonwealth v. Martin*, 5 A.3d 177, 182 (Pa. 2010) (citations omitted).

To be eligible for relief under the PCRA, Anderson must prove by a preponderance of the evidence that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011). To prevail on an ineffectiveness claim, the defendant must show that the underlying claim had arguable merit, counsel had no reasonable basis for his or her action, and counsel's action resulted

in prejudice to the defendant.  ***Commonwealth v. Prince***, 719 A.2d 1086, 1089 (Pa. Super. 1998).

After a review of the parties' briefs, the relevant case law, and record on appeal, we affirm the trial court's order dismissing Anderson's PCRA petition based upon Judge Bright's  Pa.R.A.P. 1925(a) opinion, in which she explains that Anderson failed to establish a right to relief.  We instruct the parties to attach a copy of Judge Bright's decision in the event of further proceedings in the matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2015

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :  CP-51-CR-0311481-200**FILED**

:

:  JUN 2 0 2014

:  **Criminal Appeals Unit**
V. :  **First Judicial District of PA**

:

:  SUPERIOR COURT OF PENNSYLVANIA
TALIB ANDERSON :  60 EDA 2014

## O P I N I O N

BRIGHT, J.

On February 7, 2001 Appellant was arrested and charged with Murder, Criminal Conspiracy, and related offenses, and on January 24, 2003, following a jury trial before this Court, the Honorable John J. Poserina, Jr. presiding, he was found guilty of Murder of the Third Degree and Criminal Conspiracy. On April 2, 2003 Appellant was sentenced to a period of incarceration of not less than sixteen (16) years nor more than thirty-two (32) years for Murder of the Third Degree and of not less than five (5) nor more than ten (10) years for Criminal Conspiracy. On April 11, 2003 Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania and on August 4, 2004 the Judgment of Sentence was affirmed. 1223 EDA 2003. On August 18, 2006 Appellant filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania and on December 28, 2006 the Petition for Allowance of Appeal was denied. 388 EAL 2006.

On September 5, 2007 Appellant filed the instant Petition pursuant to the Post Conviction Relief Act[1] (hereinafter referred to as PCRA) *pro se*, and PCRA counsel was appointed. On Sepatember 13, 2010 Appellant filed an Amended PCRA Petition, *pro se*. On December 5, 2011 PCRA counsel was permitted to withdraw and new PCRA counsel was appointed. On November 9, 2012 PCRA counsel filed an Amended PCRA Petition and on December 12, 2012 Appellant filed a

---

[1] 42 Pa.C.S.A.§9541, *et seq.*   C-1

Motion to Supplement PCRA Petition *pro se.* On March 15, 2013 the Commonwealth filed a Motion to Dismiss, following Notice pursuant to Pa.R.Crim.P. 907, the PCRA Petition was dismissed. This timely appeal followed on December 19, 2013.

Pursuant to Pa.R.A.P. 1925(b) Appellant was instructed to file a Statement of Matters Complained Of On Appeal. Appellant responded claiming that the Court erred when it dismissed the Appellant's PCRA Petition without holding an evidentiary hearing; that trial counsel rendered ineffective assistance in failing to file and litigate a post sentence motion asserting the weight of the evidence; that the trial court erred in not reinstating Appellant's right to file post sentence motions *nunc pro tunc*; and that the Court erred in not reinstating Appellants right to file an appeal from the judgment of sentence *nunc pro tunc.*[2]

## FACTS

The facts are summarized in the trial courts' 1925(a) Opinion on direct appeal and in the documents filed of record in this proceeding.

On October 17, 1998 Decedent, Damon Elazer, robbed a group of men playing craps at the corner of Warnock and Indiana Streets, Philadelphia, PA. Jarod Strickland, Appellant's co-conspirator was one of the men playing craps and he vowed retribution. N.T. 1/22/2003 @ 108-130. The next morning, Appellant and Strickland began canvassing the area around the 3000 block of North Warnock Street near Germantown Avenue, looking for the decedent. They stopped Beth Ann Parsons who lived in the area and inquired about Decedent's whereabouts. Parsons told them that Decedent usually sold drugs on Warnock Street and then she proceeded home. Parsons returned approximately two hours later at which point she observed Appellant and Strickland exit their car carrying guns and observed them repeatedly shoot at Decedent. N.T. 1/21/2003 @ 83-88, 91, 93, 120.

---

[2]Appellant's 1925(b) Statement also includes a statement that Appellant reserves the right to modify, amend, and/or supplement the 1925(b) Statement. No request for an extension of time within which to so modify, amend or supplement has been filed.

David Harrington was inside his home on Warnock Street at the time of the shooting and upon hearing the gunshots exited his house whereupon he observed Strickland standing over Decedent holding a gun. Harrington heard Appellant admonishing Strickland to 'come on, come on.' The two men then entered their vehicle and fled. Id. @ 125-145.

Philadelphia Police Sergeant Jonathan Josey responded to the scene and observed Decedent bleeding from multiple gunshot wounds. Decedent was transported to Temple Hospital with seven gunshot wounds to the head, chest, and side, and later died as a result of his injuries. Police recovered seven fired cartridge casings from the scene and determined that they had been fired from two different weapons. Parsons and Harrington later identified Appellant as one of the shooters.

## DISCUSSION

Appellant complains that the Court committed error in denying his PCRA Petition asserting multiple incidents of ineffective assistance of counsel and in denying his request for an evidentiary hearing. These claims are without merit.

42 Pa.C.S.A. § 9543 provides, in pertinent part, as follows:

"§ 9543. Eligibility for relief

(a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
>> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>>
>> (ii) awaiting execution of a sentence of death for the crime; or
>>
>> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
>> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt

C-3

or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

...

(vii) The imposition of a sentence greater than the lawful maximum.

...

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. ..."

The standard of review when presented with a challenge to the ruling by the PCRA Court is whether the PCRA Court's ruling is supported by the record and is free of legal error. *Commonwealth v. Fitzgerald*, 2009 PA Super. 154, 979 A.2d 908, 910 (PA Super 2009). In *Fitzgerald, supra.*, the Superior Court of Pennsylvania elucidated:

"As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court ... viewed in the light most favorable to the prevailing party.

To prevail on a claim that counsel was constitutionally ineffective, the [Appellant] must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different. A failure to satisfy any prong of this test ... will require rejection of the claim. In accord with these well-established criteria for review, an appellant must set forth and individually discuss substantively each prong of the *Pierce* test. If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test.

To establish the first prong, an appellant must demonstrate that his claim has arguable merit. In evaluating the second prong, whether counsel had a reasonable basis for his action, we do not question whether there were other more logical courses of action which counsel could have pursued: rather, we must examine whether counsel's decisions had any reasonable basis. Finally, to prove the third prong, prejudice, the appellant must show that "but for the act or omission in question, the outcome of the proceedings would have been different."
*Commonwealth v. Fitzgerald, supra,* 979 A.2d 908 @ 910-911,citing *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Hammond,* 2008 PA Super 2008, 953

C-4

A.2d 544, 556 (Pa. Super. 2008). (Internal citations and quotations omitted.)
When it is clear that the defendant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone without any further determination." *Commonwealth v. Loner*, 2003 PA Super 393, 836 A.2d 125, 132-133 (Pa. Super. 2003). (Citations and quotations omitted.) *See also,* *Commonwealth v. Rios*, 591 Pa. 583, 920 A.2d 790 (Pa. 2007).

Counsel cannot be deemed ineffective for failing to pursue a meritless claim. If it is clear that an allegation of ineffectiveness of counsel lacks arguable, an evidentiary hearing is not warranted. *Commonwealth v. Steward*, 2001 PA Super. 126, 775 A.2d 819 (Pa. Super. 2001).

In the case *sub judice*, Appellant asserts that trial counsel was ineffective in failing to file and litigate a post sentence motion asserting the verdict was against the weight of the evidence. 42 Pa.C.S.A. § 9543(a)(2)(ii) provides: "A claim for ineffectiveness may be raised in a PCRA petition if the ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *See, Commonwealth v. Grier*, 410 Pa.Super. 284, 599 A.2d 993 (Pa.Super. 1991). In *Commonwealth v. Ortiz*, 2001 PA Super 315, 786 A.2d 1004 (Pa. Super. 2001) the Superior Court of Pennsylvania stated the standard used to evaluate a challenge to the weight of the evidence.

> "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed. An appellate court may review the trial court's decision to determine whether there was an abuse of discretion, but it may not substitute its judgment for that of the lower court. ... Our Court may not reverse a verdict unless it is so contrary to the evidence as to shock ones sense of justice. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. Our review, therefore, is confined to whether the trial court abused its discretion." *Commonwealth v. Ortiz, supra*, 786 A.2d @ 1013.

Here, the evidence of the Commonwealth is more than sufficient to prove Appellant guilty of Murder of the Third Degree and Criminal Conspiracy. The jury's verdict is not contrary to, nor is it against the weight of, the evidence, and the verdict shocks no ones sense of justice.

Moreover, Appellant fails to plead and demonstrate the third prong of the *Pierce* test, i.e., that

he was prejudiced as a result of counsels failing to file and litigate a post sentence motion asserting that the verdict was against the weight of the evidence. To prove prejudice Appellant must show that "but for the act or omission in question, the outcome of the proceedings would have been different." *Commonwealth v. Fitzgerald*, *supra*. He has failed to so do. Error was not committed.

Finally, Appellant complains that the Court erred in not reinstating his right to file post sentence motions *nunc pro tunc* and erred in reinstating his right to file an appeal from the judgment of sentence *nunc pro tunc*. This claim is without merit.

As hereinbefore discussed, 42 Pa.C.S.A. § 9543 provides, in pertinent part, as follows:

"§ 9543. Eligibility for relief

(a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
>> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>>
>> (ii) awaiting execution of a sentence of death for the crime; or
>>
>> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
>> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>>
>> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>>
>> ...
>>
>> (vii) The imposition of a sentence greater than the lawful maximum.
>
> ..."

C - 6

In this regard, Appellant sets forth complaints that are not cognizable under 42 Pa.C.S.A. §

9543 and he is therefore not entitled to relief on these grounds.   Error was not committed.

## CONCLUSION

For the foregoing reasons, error was not committed and the Order dismissing the PCRA

Petition should be affirmed.

BY THE COURT:

_____ BRIGHT, J.

DATE: 6/20/14

C- 7