J-S68025-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL McLAUGHLIN, | : | |
| | : | |
| Appellant | : | No. 1965 EDA 2014 |

Appeal from the PCRA Order May 29, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0303571-2006

BEFORE:  BENDER, P.J.E., DONOHUE and MUNDY, JJ.

MEMORANDUM BY DONOHUE, J.:                     **FILED DECEMBER 08, 2015**

Appellant, Michael McLaughlin ("McLaughlin"), appeals from the order entered on May 29, 2014 by the Court of Common Pleas of Philadelphia County, Criminal Division, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> In 2005, [McLaughlin] was charged with the stalking and related offenses of his ex-girlfriend, Audria Leone.  [McLaughlin] was provided the assistance of various court-appointed attorneys, including the Defender Association, Bruce Wolf, Michael F. Medway, Max G. Kramer, and Steven G. Laver.  [McLaughlin]'s case was originally assigned to Judge Amanda Cooperman for trial.  Despite the persistence of Judge Cooperman that [McLaughlin] should be represented by counsel, [McLaughlin]

insisted upon proceeding with his trial pro se. [McLaughlin] repeatedly referenced his right to self-representation, citing *Faretta v. California*, 422 U.S. 806 (1975), and requested a waiver of counsel colloquy.

In a hearing on August 11, 2006, Judge Cooperman allegedly performed a waiver of counsel colloquy after which she found [McLaughlin]'s waiver of counsel knowing, intelligent, and voluntary. Mr. Laver was the attorney of record at the time of the alleged colloquy and was [allegedly] appointed by Judge Cooperman as standby trial counsel for [McLaughlin] on that date. However, for some unknown reason, there was no record preserved of the hearing at which the colloquy supposedly took place. Furthermore, the only action reflected on the docket for that date was the ordering of a mental health evaluation of [McLaughlin].

Judge Cooperman ultimately recused herself from [McLaughlin]'s case due to his repeated and inappropriate ex parte communications with her staff. [McLaughlin]'s case was reassigned to Judge Berry, who referenced Judge Cooperman's colloquy on the record at the first listing before him. Judge Berry also completed a partial waiver colloquy of [McLaughlin], during which [McLaughlin] told Judge Berry that he was familiar with the court proceedings and that he had represented himself in two previous cases. Judge Berry ultimately permitted [McLaughlin] to proceed at trial pro se with the assistance of newly-appointed standby counsel, Kevin Mincey.

After a four[-]day jury trial, [McLaughlin] was found guilty of stalking on September 4, 2007. On October 30, 2007, Judge Berry sentenced [McLaughlin] to two to four years of incarceration

followed by three years of probation.[1] At the sentencing hearing, Judge Berry appointed Mr. Mincey as counsel. At this hearing, immediately following sentencing, [McLaughlin] told Judge Berry that he "was never properly colloquied." [McLaughlin] did not file any post-sentence motions. On November 30, 2007, [McLaughlin], through counsel, filed a notice of appeal to the Pennsylvania Superior Court, one day late. On March 17, 2009, the Superior Court quashed [McLaughlin]'s first appeal as untimely filed. On April 1, 2009, [McLaughlin] filed his first PCRA petition, with the assistance of counsel, Davis S. Winston. [McLaughlin]'s first PCRA petition requested relief on the basis of ineffective assistance of counsel in that Mr. Mincey's filing of [McLaughlin]'s [n]otice of [a]ppeal was untimely. In this petition, Mr. Winston only requested the reinstatement of [McLaughlin]'s right to file a direct appeal, not the right to file post-sentence motions. On October 22, 2009, Judge Sheila Woods-Skipper granted [McLaughlin]'s first PCRA petition and reinstated [his] right to file a direct appeal nunc pro tunc.

On October 23, 2009, [McLaughlin] filed his second direct appeal with the Superior Court, with the assistance of Mr. Winston. [McLaughlin] raised two issues. First, he claimed that the trial court's pro se colloquy was inadequate, and secondly, he claimed that his trial counsel was ineffective for failing to object to the inadequate colloquy. The Superior Court affirmed the judgment of sentence on November 8, 2010, indicating that [McLaughlin] waived the issue of trial court error because he did not raise it before the trial court. The Court also held that the ineffective assistance of counsel claim was improper on direct appeal and should be deferred until collateral review. The Supreme Court

---

[1] Because of a probation violation and subsequent revocation of probation and re-sentencing, McLaughlin is still on probation stemming from his conviction in this case. *See* N.T., 1/29/14, at 5-7.

denied [McLaughlin]'s [p]etition for [a]llowance of [a]ppeal on April 7, 2011.

[McLaughlin] filed [the instant PCRA [p]etition pro se on April 4, 2012 which he amended on July 9, 2012. On January 3, 2013, [McLaughlin] filed an amended [] PCRA petition, with the assistance of counsel, Stephen T. O'Hanlon. In this counseled petition, [McLaughlin] requested that this [c]ourt vacate the judgment of sentence because Mr. Laver had provided ineffective assistance of counsel when he failed to object to an inadequate waiver of counsel colloquy.

On July 25, 2013, the Commonwealth filed a motion to dismiss the petition, arguing that [McLaughlin]'s waiver of counsel was valid and also that [McLaughlin] forfeited his right to counsel by his dilatory and disruptive conduct. [McLaughlin] answered the Commonwealth's motion on October 29, 2013 with the assistance of counsel, Kevin Mark Wray. This [c]ourt heard argument and testimony on the Commonwealth's motion to dismiss on seven different occasions between January and May of 2014. The [c]ourt ultimately dismissed the petition on May 29[], 2014, finding that although [McLaughlin] had not forfeited his right to counsel through any misbehavior, he could not prevail on his petition because he was not prejudiced by the trial court's failure to provide an adequate waiver of counsel colloquy.

PCRA Court Opinion, 2/12/15, at 2-5 (footnote and record citations omitted).

On June 27, 2014, McLaughlin filed a timely notice of appeal. On October 16, 2014, the PCRA court ordered McLaughlin to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On October 25, 2014, McLaughlin timely filed his Rule 1925(b) statement.

On appeal, McLaughlin raises the following issues for our review:

> 1. Did the [PCRA court] err by denying [McLaughlin] relief where the trial court did not conduct an adequate waiver of counsel colloquy as required by [Pa.R.Crim.P.] 121?
>
> 2. Did the [PCRA court] err by denying [McLaughlin] relief due to Judge Willis Berry presiding over the trial?

McLaughlin's Brief at 3.

We begin by acknowledging that "[o]ur standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.**

For his first issue on appeal, McLaughlin argues that the PCRA court erred in denying his PCRA petition because the trial court failed to conduct an adequate waiver of counsel colloquy pursuant to Rule 121 of the Pennsylvania Rules of Criminal Procedure. **See** McLaughlin's Brief at 29-34. We conclude that this claim does not entitle McLaughlin to relief.

Section 9543(a) of the PCRA identifies a petitioner's burden of proof and pleading requirements to be eligible for PCRA relief. Section 9543(a) provides, in pertinent part, as follows:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove

by a preponderance of the evidence all of the following:

\* \* \*

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

McLaughlin raised the issue of the trial court's failure to conduct an adequate waiver of counsel colloquy pursuant to Rule 121 of the Pennsylvania Rules of Criminal Procedure in his direct appeal to this Court decided on November 8, 2010. *See Commonwealth v. McLaughlin*, 3144 EDA 2009 at 2-3 (Pa. Super. Nov. 8, 2010) (unpublished memorandum). As the prior panel of this Court determined, McLaughlin waived this claim, and therefore it does not entitle him to relief, because he failed to raise the issue before the trial court and raised it for the first time on appeal. *See id.*; *see also Commonwealth v. Hankerson*, 118 A.3d 415, 420 (Pa. Super. 2015) (issues, even of constitutional dimension, are waived if not raised in the court below); Pa.R.A.P. 302(a).

Thus, in order for McLaughlin to raise a meritorious claim under the PCRA relating to his alleged inadequate waiver of counsel colloquy, he would have to plead and prove that his colloquy counsel was ineffective for failing to object to a deficient colloquy and that his appellate counsel was ineffective for failing to preserve the issue for his direct appeal. *See, e.g.*, *Commonwealth v. Spotz*, 18 A.3d 244, 262-64 (Pa. 2011); *see also*

42 Pa.C.S.A. § 9543(a)(2)(ii). Indeed, McLaughlin framed the issue this way in his amended PCRA petition. *See* PCRA Petition, 1/3/13, at 4-7. For the reasons that follow, however, McLaughlin has waived this ineffective assistance of counsel claim on appeal.

There are several layers of preservation required for an issue in a criminal case to be appropriately subject to appellate review. The appellant must raise the issue before the trial court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). If the trial court issues an order requiring the filing of a 1925(b) statement, any issue the appellant must include any issue he or she seeks to raise on appeal therein. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). The appellant must also include the issue in the statement of questions involved section of the appellate brief. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Lastly, for an issue to be reviewable on appeal, the appellant must include a properly developed argument in support of the issue in the argument section of his or her appellate brief. *See* ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to

relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

While McLaughlin included the ineffectiveness claim relating to colloquy counsel and appellate counsel in his amended PCRA petition, he failed to raise the issue in his Rule 1925(b) statement and the statement of questions involved section of his appellate brief. *See* Rule 1925(b) Statement, 10/25/14; McLaughlin's Brief at 3. Furthermore, McLaughlin failed to include discussion on the issue with citation to relevant authority in the argument section of his appellate brief. *See* McLaughlin's Brief at 29-34. Therefore, McLaughlin has waived his claim that colloquy counsel was ineffective for failing to object to the waiver of counsel colloquy and that appellate counsel was ineffective for failing to preserve the issue for his direct appeal.[2] Accordingly, McLaughlin's first issue does not entitle him to relief.

---

[2] Moreover, even if McLaughlin had preserved this issue on appeal, it would not entitle him to relief. To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014) (citation omitted). "When a petitioner claims ineffective assistance of counsel based on a failure to object to an allegedly defective waiver colloquy, … [t]o establish prejudice, the petitioner must demonstrate a reasonable probability that but for counsel's ineffectiveness, he would not have waived the right at issue." *Spotz*, 18 A.3d at 263-64. Here, McLaughlin has never pled, much less proved, that he would not have waived his right to counsel had the trial court conducted

For his second issue on appeal, McLaughlin argues that the PCRA court erred in denying his PCRA petition because Judge Berry, who conducted McLaughlin's nonjury trial, exhibited bias in favor of the Commonwealth. *See* McLaughlin's Brief at 34-36. McLaughlin asserts that Judge Berry was attempting to gain favor with the Commonwealth because he knew that he was going to be the subject of a criminal investigation by the District Attorney's Office, as he had been engaging in criminal activity since January 1997. *See id.*

We conclude that this claim is not cognizable under the PCRA. In his appellate brief, McLaughlin does not state which provision of section 9543(a)(2) is applicable. Additionally, although difficult to discern his precise argument, he does not appear to be raising a violation of his constitutional rights, ineffective assistance of counsel, improper obstruction by government official with his right to appeal, the unavailability at the time of trial of exculpatory evidence, an illegal sentence, or a proceeding in a tribunal without jurisdiction. *See* 42 Pa.C.S.A. § 9543(a)(2). McLaughlin's claim is merely that the District Attorney's investigation into Judge Berry caused Judge Berry to be biased in favor of the Commonwealth in order to curry favor with the District Attorney's Office. *See* McLaughlin's Brief at 34-36.

---

a proper colloquy. To the contrary, the certified record on appeal is replete with evidence that McLaughlin wished to represent himself in this matter. *See, e.g.*, N.T., 2/26/07, at 2-5; N.T., 7/13/06, at 2, 7-10, 13.

Even if this claim were cognizable under the PCRA, it is meritless. While the activity that brought Judge Berry under investigation by the District Attorney's Office dates back to January 1997, *see In re Berry*, 979 A.2d 991, 994 (Pa. Ct. Jud. Disc. 2009), Judge Berry did not become aware of any potential criminal investigation by the District Attorney's Office until June 25, 2009, *see Commonwealth v. Cain*, 3254 EDA 2009 at 4 (Pa. Super. Nov. 26, 2012) (unpublished memorandum), nearly two years after McLaughlin's conviction. Therefore, the District Attorney's investigation of Judge Berry could not have caused Judge Berry to be biased in favor of the Commonwealth at the time of McLaughlin's trial in 2007.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2015