J-S59029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY BRIGHTWELL | |
| Appellant | No. 413 EDA 2014 |

Appeal from the PCRA Order January 13, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000060-2003,
CP-15-CR-9999549-2003

BEFORE:  SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED SEPTEMBER 16, 2014**

Anthony Brightwell appeals from the order of the Court of Common Pleas of Chester County that dismissed his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  After careful review, we affirm.

On direct appeal, this Court set forth the relevant procedural history of this case as follows:

> [Brightwell] was arrested in conjunction with two criminal incidents occurring on November 8, 2002 and November 10, 2002.  The two cases were consolidated at trial.  [Brightwell] filed a pre-trial motion to sever the cases, which the trial court denied on December 30, 2003.  On January 8, 2004, a jury convicted [Brightwell] of [several] offenses.  On March 10, 2004, the trial court sentenced [Brightwell] to 25-50 years'

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

incarceration for two counts of robbery for the November 8th incident, to be served concurrently, and 25-50 years' incarceration for two counts of robbery for the November 10th incident to be served concurrently, and consecutive to the November 8th convictions, for an aggregate sentence of 50 to 100 years' incarceration. [Brightwell's] sentence was mandated by Pennsylvania's "Three Strikes" law, at 42 Pa.C.S. § 9714(a)(2), due to [Brightwell's] two prior convictions for crimes of violence. [Brightwell] was first convicted of robbery and conspiracy on June 12, 1984, and for aggravated assault on March 19, 2001.

***Commonwealth v. Brightwell***, No. 1046 EDA 2004, unpublished memorandum at 2-3 (Pa. Super. filed May 3, 2005).

In its opinion, the PCRA court adds the following relevant information regarding Brightwell's criminal history:

[Brightwell's] four Chester County robberies were committed after his conviction and sentence for his "second strike" offenses in 2001, although he did not *serve* his sentence for the set of "second strike" offenses before committing the instant 2002 robberies because he failed to appear at the prison at the appointed date and time of his sentence, electing instead to become a fugitive. If [Brightwell] had in fact complied with the Delaware County trial court's sentencing order, he would likely not have committed the instant offenses because he would have been gainfully occupied in prison.

PCRA Court Opinion, 4/2/14, at 20-21 (emphasis in original).

On May 3, 2005, this Court denied Brightwell's appeal in which he challenged the constitutionality of Pennsylvania's "Three Strikes" law. Our Supreme Court denied his petition of allowance of appeal on September 27, 2005. ***Commonwealth v. Brightwell***, 885 A.2d 40 (Pa. 2005).

Brightwell filed a timely PCRA petition on January 19, 2006, which the PCRA court denied on October 13, 2006. On appeal, this Court remanded

the matter, and after further proceedings, we affirmed the denial of the petition on August 20, 2009. *Commonwealth v. Brightwell*, 935 A.2d 5 (Pa. Super. 2009) (unpublished memorandum). The Pennsylvania Supreme Court denied Brightwell's petition for allowance of appeal. *Commonwealth v. Brightwell*, 997 A.2d 1174 (Pa. 2010).

On September 16, 2011, Brightwell filed his second PCRA petition, which the PCRA court dismissed on November 17, 2011. On November 28, 2012, this Court affirmed the dismissal because the petition was untimely. *Commonwealth v. Brightwell*, 63 A.3d 840 (Pa. Super. 2012) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Brightwell*, 67 A.2d 792 (Pa. 2013).

On September 24, 2013, Brightwell filed his third PCRA petition, which the court dismissed on January 13, 2014. This appeal followed.

Brightwell raises the following issues for our review:

1. Whether the sentencing court lacked jurisdiction and statutory authority to impose the sentence that it did upon [Brightwell], making such a sentence null and void when issued, therefore reversible, and non-waivable even for purposes of the PCRA.

2. Whether the Commonwealth and the PCRA Court waived for appellate review an argument addressing the issue of [Brightwell's] claims that the sentencing court lacked jurisdiction to sentence [him] to an aggregate sentence of 50 to 100 years of imprisonment?

3. Whether [Brightwell] was denied his constitutionally guaranteed right to effective representation at sentencing, when sentencing counsel failed to object to [Brightwell] being

sentenced as a third strike offender (when he was not), whereas the sentencing court exceeded its power and authority, therefore lacking jurisdiction to impose the two consecutive 25 to 50 year sentences the defendant received.

Appellant's Brief, at 4.

"Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations omitted).

Section 9545 of the PCRA provides in relevant part:

**(b) Time for filing petition. –**

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

(2)     Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3)     For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

42 Pa.C.S. § 9545(b).

Brightwell's judgment of sentence became final on December 26, 2005, when the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court expired.  *See* U.S.Sup.Ct.R. 13. Therefore, pursuant to section 9545(b)(1), Brightwell had to file the PCRA petition at issue by December 26, 2006 in order for it to be timely. However, Brightwell did not file the instant petition until September 24, 2013, more than 7½ years after his judgment of sentence became final.

Because Brightwell failed to plead and prove any of the exceptions set forth in section 9545(b)(1)(i-iii), he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2014