J-S77040-14

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:       PENNSYLVANIA
Appellee :
:
v. :
:
GERARDO RODRIGUEZ, :
:
Appellant : No. 1996 EDA 2014

Appeal from the PCRA Order Entered June 18, 2014
in the Court of Common Pleas of Chester County,
Criminal Division, at No(s): CP-15-CR-0004801-2009

BEFORE: STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 06, 2015**

Gerardo Rodriguez (Appellant) appeals from the June 18, 2014 order

which dismissed as untimely his petition filed pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On July 7, 2010, Appellant pled guilty to three counts of possession

with intent to deliver a controlled substance. On August 12, 2010, the trial

court sentenced Appellant to an aggregate sentence of five to ten years of

imprisonment. Appellant did not file a direct appeal.

On June 21, 2011, Appellant, through privately-retained counsel, filed

his first PCRA petition. The petition was ultimately dismissed by order of

October 4, 2011. No appeal was filed.

On May 29, 2014, Appellant, *pro se*, filed a second PCRA petition.

Therein he alleged, *inter alia*, that he had learned on May 5, 2014 that

---

*Retired Senior Judge assigned to the Superior Court.

counsel on his first PCRA petition had abandoned him by failing to file an appeal. On June 3, 2014, the PCRA court issued a notice of intent to dismiss as untimely Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant timely filed objections to the Rule 907 notice, in which he argued that his petition was timely filed under the newly-discovered facts exception of 42 Pa.C.S. § 9545(b)(1)(ii) and **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007). Notwithstanding Appellant's objections, the PCRA court dismissed his petition by order of June 18, 2014. Appellant timely filed a notice of appeal and a statement of errors complained of on appeal.

Appellant presents one question for this Court's review: "Whether the PCRA court erred by dismissing Appellant's second PCRA [petition] as untimely, where that petition, claiming, *inter alia*, PCRA counsel's ineffectiveness for failing to file a requested appeal, does in fact meet the requirements of 42 Pa.C.S. § 9545." Appellant's Brief at 4 (unnecessary capitalization omitted).

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). "[T]he PCRA time restrictions are jurisdictional in nature; consequently, Pennsylvania courts may not entertain untimely PCRA petitions." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011).

Subsection 9545(b)(1)(ii) provides a timeliness exception if the petitioner alleges and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). If the petitioner so alleges and proves, the petition will not be dismissed as untimely if it was "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant claims that the fact that counsel failed to file an appeal from the dismissal of his first PCRA petition was unknown to him until May 5, 2014, and that he filed the instant petition within 60 days of discovering that fact. He argues that "his repeated attempts to learn the status of that appeal" demonstrate that he had acted with due diligence. Appellant's Brief at 8.

The PCRA court offered the following analysis of Appellant's invocation of subsection 9545(b)(1)(ii).

[Appellant] acknowledged that his *pro se* second PCRA petition was untimely, but he claimed that due to his transfers between prisons over the years and his respective counsels' alleged failures to respond to his letters and inquiries, that he was not able to learn of first PCRA counsel's failure to file a Notice of Appeal from our October 4, 2011 dismissal of his first PCRA Petition until May 5, 2014, presumably when he received his copy of the docketing statements from the clerk of courts in response to his April 7, 2014 letter request, the third such request he made over the course of the almost four years that have passed since his judgment of sentence became final (the first having occurred February 21, 2011, following plea counsel's alleged failure to file [Appellant's] allegedly requested direct appeal, and the second having occurred on February 12, 2013).

[Appellant] claimed that "[w]ith all of the transfers, [Appellant] only recently is getting regular access to his legal materials and a library. He has tried, repeatedly, to reach [first PCRA counsel] to inquire of the status of his appeal, to no avail. Petitioner has only now learned that his appeal was never filed."

[Appellant] described how he was transferred from S.C.I. - Cresson soon after our October 4, 2011 decision denying his first PCRA petition. He states he was transferred from S.C.I. - Cresson to Cambria County Jail, where he spent "nearly a year" before returning to S.C.I. - Cresson. S.C.I. - Cresson was reportedly closed shortly thereafter and he was transferred to his present place of incarceration, S.C.I. - Greene.

[Appellant] attached to his petition several letters he allegedly wrote to his respective counsel[] over the years which allegedly were never answered. He attached a copy of an alleged notice of appeal which he claimed he drafted and mailed to first PCRA counsel for purposes of appeal [of] our October 4, 2011 dismissal of his first PCRA [petition]. He also attached copies of the three letters requesting docketing statements from the Chester County clerk of courts office, one dated[ ] February 21, 2011, one dated February 12, 2013, and the last dated April 7, 2014. The clerk of courts responded to the first and third of these letters with the requested materials. [Appellant] does not dispute this.

With respect to [Appellant's] claim about his repeated transfers interfering with his ability to send and receive mail so that he has only recently been able to glean information about the status of his requested appeal from our October 4, 2011 dismissal of his first PCRA petition, [Appellant] claims that he was transferred from S.C.I. - Cresson to Cambria County jail shortly after he wrote to first PCRA counsel allegedly requesting that an appeal be filed on his behalf.

From the exhibits attached to his petition, it is evident that he was residing in Cambria County jail by October 30, 2011 and remained there until roughly August of 2012, according to a subsequent letter addressed to first PCRA counsel on August 20, 2012. According to his own exhibits, he remained at Cambria County Jail for roughly ten months without further disruption to his living arrangements during that time.

He does not explain in his petition why he could not access a computer during these ten months in Cambria County prison or write, as he did on three other occasions, to the clerk of courts of Chester County and receive copies of his docketing statements during this time of relative residential stability at Cambria County prison. He does not aver that any prison official prevented him from corresponding with the court or its row offices. Had he taken this small step around November of 2011, a step which he was obviously aware, by his earlier letter to the clerk of courts dated February 28, 2011 (following plea counsel's failure to file an allegedly requested direct appeal from his negotiated sentence), was an option available to him, he would have learned much more swiftly and definitively the status of his allegedly requested collateral appeal.

Although he claims that his ability to communicate with first PCRA counsel Evan Kelly, Esquire was "impossible" while he was at Cambria County prison, he neglects to assert or explain why communication with the Chester County clerk of courts office was or would have been similarly impossible. His three letters to the clerk of courts over the course of two years reflect[] that such communication would not, in fact, have been impossible, or even difficult.

Next, his correspondence reflects that he was returned to S.C.I. - Cresson by January 10, 2013. On October 22, 2013

[Appellant] wrote a final letter to first PCRA counsel still seeking information regarding the status of his allegedly requested appeal from our October 4, 2011 dismissal of his first PCRA Petition. It still took him another four months in which to initiate a new request for more recent copies of his docketing statements from the Clerk of Court of Chester County.

\* \* \*

[Appellant's] claim that he has been in a "constant state of flux" for the last four (4) years is not entirely accurate. His petition avers that he had four prison transfers over the last four years. The first was from S.C.I - Cresson to Cambria County. He was transferred to Cambria County on or about October 30, 2011. He spent ten months there, before returning to SCI - Cresson on or about August 20, 2012. In January of 2013, six months later, he was still at S.C.I. - Cresson, and presumably, by his own statements, once again in possession of his legal materials. He remained at Cresson at least another month, as evidenced by his February 12, 2013 letter to first PCRA counsel Kelly. The next letter to first PCRA counsel, dated October 22, 2013, lists [Appellant's] address as S.C.l. - Greene. He remains at S.C.I. - Greene at present. As his various letters to counsel and the clerk of courts demonstrate, [Appellant] spent significant periods of time at each prison. He was not in a "constant state of flux," but rather had considerable periods of residential stability over the last four years.

Even if we accept [Appellant's] argument that he did not have access to his "legal materials" while at Cambria County prison, by the time of his return to SCI - Cresson on or about August 20, 2012, he would have had access to these materials. Indeed, by January 10, 2013 he was writing to first PCRA counsel Kelly with the above-captioned docket number reflected on his letter. Certainly by January 10, 2013, if not earlier, [Appellant] had access to his "legal materials" and would have been able to write to the clerk of courts with his docket number and request copies of his docketing statements, as he had done in February 2011, while at S.C.I. - Cresson. In fact, [Appellant] did write to the clerk of courts on February 12, 2013. Unfortunately, there is no record evidence that the clerk of courts office responded to him at this time. Yet instead of pursuing a response, [Appellant] waited more than a year before

writing again on April 7, 2014 with a renewed request. Despite our doubts as to [Appellant]'s claim that he did not have access to a law library or computer over the last four years at any prison,[2] [the PCRA court] finds that [Appellant's] failure to timely pursue those procedures available to him, i.e. writing to the clerk of courts for a copy of his docketing statement, removes from him the ability to rely on the due diligence exception to the PCRA's timeliness requirements.

_____

[2] Indeed, [Appellant's] exhibits indicate that he was aware and made use of S.C.I. - Cresson's law library and staff, as he included multiple citations to decisional and statutory law in a letter he wrote to first PCRA counsel on September 18, 2011 regarding his first PCRA Petition, and he resided at S.C.I. - Cresson after he was sentenced on August 12, 2010 until roughly October 30, 2011 and again from August 20, 2012 through at least February 12, 2013, if the dates on his letter exhibits are accurate.

PCRA Court Opinion, 7/30/2014, at 11-16 (citations, unnecessary capitalization, and repetition of quantities in numeral form omitted).

The PCRA court's determinations are supported by the record. We agree that Appellant failed to plead facts which demonstrate the applicability of an exception to the PCRA's one-year time bar. *See*, *e.g.*, ***Commonwealth v. Monaco***, 996 A.2d 1076, 1082 (Pa.Super. 2010) (holding Monaco's sporadic efforts were insufficient to establish due diligence under subsection 9545(b)(1)(ii)). Accordingly, the PCRA court did not have jurisdiction to entertain the merits of Appellant's claims, and it properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/6/2015