J-S66044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANCIS A. STRAUGHTERS, JR., | : | |
| | : | |
| Appellant | : | No. 1028 WDA 2015 |

Appeal from the PCRA Order Entered July 1, 2015
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000423-2012

BEFORE:  OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 05, 2016**

Francis A. Straughters, Jr. (Appellant) appeals from the July 1, 2015 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

This Court previously summarized the facts of the underlying case as follows.

> During the night of February 3, 2012, Appellant and [co-conspirator Edith Marie] Porterfield smoked crack cocaine at their apartment on East Green Street, Connellsville.  Their drug dealer had refused to give them any more drugs on credit so, after consuming all the crack cocaine in their possession, they decided to obtain money by criminal means in order to purchase the drug.  First, the two cohorts went to the home of Porterfield's mother, stole about $150, purchased more crack cocaine, and returned to their apartment to consume it.
>
> Appellant and Porterfield then decided to rob a store to obtain more funds.  To that end, they started to drive around Connellsville consuming their remaining crack cocaine.  At around 4:00 a.m. on February 4, 2012, they went to a gas

---

* Retired Senior Judge assigned to the Superior Court.

station known as the Honey Bear Sunoco, which was located on Memorial Boulevard in Connellsville. Porterfield entered that business wearing sunglasses and a white-hooded sweatshirt. She tried to open the cash register and demanded money from the store clerk, who denied her access to the register. In response, Porterfield threatened to shoot the clerk and left the gas station.

After that unsuccessful attempt to gain money for drugs, at around 6:00 a.m. on February 4, 2012, Appellant and Porterfield robbed the Reddy Mart Gas Station ("Reddy Mart"), which also was located on Memorial Boulevard, Connellsville. Porterfield operated as a lookout and the getaway driver. She entered the establishment, purchased coffee, and left the Reddy Mart. During her stay, she spoke briefly with a regular customer, Zane Long. Nancy Miller was the only store employee on duty.

Shortly after Porterfield left Reddy Mart, Appellant entered the convenience store carrying a long-handled crescent wrench. He screamed at Mr. Long that he was robbing the store, struck Mr. Long across the face with the wrench, and pushed him into a utility closet. Appellant then approached Ms. Miller and ordered her to give him the store money and not to summon the police. He stole about $500 in cash and several packs of cigarettes from the Reddy Mart. Next, Appellant returned to the utility closet and struck Mr. Long on the head with the wrench two or three more times. Mr. Long fell onto the ground, where Appellant, who was wearing boots, kicked him three times, including once in the head. Due to his injuries, Mr. Long received nine stiches and seventeen staples at a hospital. Porterfield and Appellant then purchased more crack cocaine with the robbery proceeds.

During the ensuing investigation, Connellsville Police Officer Autumn Fike reviewed Reddy Mart's surveillance footage of the incident, which was played for the jury. When watching the tape, Officer Fike immediately recognized both Porterfield and Appellant. Porterfield had no facial covering, and a piece of cloth that Appellant used during the crime to cover his mouth and chin continually slid down so that Officer Fike was able to view Appellant's entire visage. Officer Fike obtained a search warrant for Appellant's residence, and, during its execution, she found clothing worn by the perpetrator of the Reddy Mart robbery, including a bloodstained shirt. The shirt was submitted

to a crime laboratory for DNA testing. Appellant's DNA was on that item, and the blood on the shirt belonged to Mr. Long.

As Officer Fike was executing the warrant, she saw Appellant outside. She exited the residence to arrest Appellant, but he entered his vehicle and fled the area with Porterfield. After being pursued by a nearby patrol car, Appellant and Porterfield surrendered to police.

Based upon these events, Appellant was convicted of robbery, aggravated assault, simple assault, reckless endangerment, terroristic threats, conspiracy, theft by unlawful taking, theft by receiving stolen property, and disorderly conduct. He was acquitted of two counts of criminal conspiracy that were based upon the attempted robbery of Honey Bear Sunoco.

*Commonwealth v. Straughters*, 81 A.3d 77 (Pa. Super. 2013) (unpublished memorandum at 1-4). On September 4, 2012, Appellant was sentenced to an aggregate term of 7½ to 15 years of imprisonment. This Court affirmed the judgment of sentence, *id.*, and our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Straughters*, 81 A.3d 1007 (Pa. 2013).

Appellant timely filed a PCRA petition on July 31, 2014. Privately-retained counsel filed an amended petition after appointed counsel was permitted to withdraw, and a hearing was held on March 11, 2015. After the PCRA court entered its order denying the petition, private counsel was permitted to withdraw, and re-appointed counsel timely filed a notice of appeal.

Appellant presents this Court with four claims of ineffective assistance of trial counsel rejected by the PCRA court, which we consider pursuant to

the following standards. "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

"It is well-established that counsel is presumed effective, and the defendant bears the burden of proving ineffectiveness." *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant must show each of the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Id.* Appellant's claim will be denied if he fails to meet any one of these three prongs. *Id.*

Appellant's first two questions on appeal concern the examination of co-defendant Porterfield, who testified against Appellant at trial. Appellant claims that the PCRA court erred in finding that trial counsel was not ineffective for failing to object (1) when the Commonwealth "vouched for the truthfulness" of Porterfield, or (2) to Porterfield's "self-serving testimony." Appellant's Brief at 7.

Early in Porterfield's testimony, the Commonwealth questioned her about the terms of her plea agreement:

Q.    Now, you're testifying in this matter pursuant to a plea bargain, correct?

A.    Correct.

Q.    And I offered you that plea bargain, correct?

A.    Correct.

Q.    Could you tell the jury what the terms of the plea bargain are that was offered to you as you understand it?

A.    Two to four years concurrent at the State Muncy Prison Correction Facility.

Q.    And I also agreed to have dismissed certain charges related to the Reddy Sunoco, correct?

A.    Correct.

Q.    Which would have been the - -

A.    Aggravated Assault.

Q.    - - Aggravated Assault, Simple Assault, Terroristic threats and Recklessly Endangering?

A.    Correct.

Q.    And that is in exchange for your truthful testimony, correct?

A.    Correct.

N.T., 8/7/2012, at 190-91. At the close of direct examination, the following exchange took place.

Q.    Edith, one final question. Why are you testifying today?

A.     Because I'm so sorry that somebody got hurt and it could have been a lot worse and it's the right thing to do and I need to take responsibility for my own self.

N.T., 8/7/2012, at 208.

Appellant argues that "[t]hese repeated comments in regards to the truthfulness of Edith Porterfield's testimony certainly fixed in the minds of the jury a bias and hostility toward Appellant so that they could not weigh the evidence objectively and render a true verdict." Appellant's Brief at 12. We disagree.

"Generally, a prosecutor commits improper bolstering when it places the government's prestige behind a witness through personal assurances as to the witness's truthfulness, and when it suggests that information not before the jury supports the witness's testimony." *Commonwealth v. Reid*, 99 A.3d 427, 447 (Pa. 2014). However, "the mere reference that a plea agreement requires truthfulness does not constitute improper vouching." *Id.* at 448 (citing *Commonwealth v. Miller*, 819 A.2d 504, 515 (Pa. 2002) (holding that the prosecutor's use of word "truthful" in direct examination of the witness was a permissible articulation of the terms of the plea agreement)).

Appellant points to no use of the government's prestige to bolster Porterfield's testimony by any Commonwealth assurance of its truthfulness. Rather, as in *Miller*, the Commonwealth merely referenced the plea agreement's requirement that Porterfield testify truthfully. Appellant's

attempt to distinguish *Miller* is unpersuasive. Thus, the PCRA court properly concluded that Appellant failed to establish that counsel was ineffective in not objecting to the above-quoted testimony.

Appellant's next claim is that trial counsel was ineffective in failing to object to Officer Fike's statement that she was familiar with Appellant's address. Appellant's Brief at 13. During direct examination, Officer Fike testified that she recognized Appellant and Porterfield from surveillance video from the scene of the crime. The Commonwealth proceeded therefrom as follows:

> Q. So you identified these individuals from watching the video. What did you do then?
>
> A. I prepared a search warrant for a residence which I've known them both to reside at on East Green Street.

N.T., 8/6/2012, at 66.

Appellant claims that this testimony "implied prior unrelated criminal activity at Appellant's residence." Appellant's Brief at 14. He argues that counsel should have objected because "[t]he jury could easily infer from Officer Fike's statement that the Appellant had engaged in prior criminal activity, and the Appellant had a reputation amongst the Connellsville Police Department as a criminal." *Id.*

Our Supreme Court specifically rejected the claim that reference to an officer's knowledge of the defendant's address implies prior criminal activity. *See Commonwealth v. Riggins*, 386 A.2d 520, 524 (Pa. 1978) ("The

detective's passing reference in this case to the fact that he knew where appellant lived cannot reasonably be said to have given the jury the impression that appellant must have been involved in prior criminal activity."). Therefore, the PCRA court did not err in holding that Appellant's claim does not entitle him to relief.

Finally, Appellant maintains that trial counsel was ineffective in failing "to provide sufficient time to discuss trial strategy with [Appellant.]" Appellant's Brief at 15. He indicates that trial counsel failed to discuss trial strategy and potential witnesses with him at any time prior to trial; further, other than trial counsel's representation of him at the hearing on his pretrial motion, "Appellant's contact with the Fayette County Public Defender's Office was limited to two meetings with the Office's investigator, who was not a licensed attorney." *Id.* at 15.

The PCRA court determined that Appellant was entitled to no relief because he "failed to allege, much less prove, that [trial counsel's] representation was substandard." PCRA Court Opinion, 6/5/2015, at 4. Appellant responds by pointing to his first three issues raised on appeal and arguing that those "could have been avoided had [trial counsel] merely discussed the case in detail with her client prior to trial." Appellant's Brief at 15.

Not only do we fail to see how counsel's discussion of the case with Appellant prior to trial would have resulted in counsel's raising the above-

discussed objections to the testimony of Porterfield or Officer Fike, but we already have concluded that there is no merit to those three claims. Accordingly, Appellant's final issue warrants no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016