J-S13040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                                      :
              v.                     :
                                      :
                                      :
RODNEY JERMAINE JOHNSON       :
                                      :
            Appellant         :     No. 1825 MDA 2019

Appeal from the PCRA Order Entered October 21, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006484-2008

BEFORE:   STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               **FILED MARCH 27, 2020**

Rodney Jermaine Johnson (Johnson) appeals from the order of the

Court of Common Pleas of York County (PCRA court) denying his *pro se*

motion for post-conviction DNA testing pursuant to the Post Conviction Relief

Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We have previously set forth the facts of this case as follows:

> In the early morning hours of August 10, 2008, [Johnson] went
> to the home of his estranged wife, [the victim], and initiated a
> harrowing physical and sexual assault upon her, while their three
> children were in the house, that lasted several hours through the
> night and into the next morning. At the time, an active protection
> from abuse ("PFA") order had been in place to protect [the victim]
> from [Johnson]. [Johnson] informed [the victim] that if she did
> not do what he wanted, that he would hurt her and their children,
> asleep upstairs.

_____

[*] Retired Senior Judge assigned to the Superior Court.

After several incidents of sexual abuse in the living room of her home, [Johnson] forced [the victim] into the basement where he again forced himself on her, yelling at her, and punching her about the head. At some point, [Johnson] attempted to stab [the victim] in the chest, but she was able to move and the blade went into [her] left shoulder. Another sexual assault followed the stabbing, and only after [the victim] was able to find her ACCESS 911–cellphone and charge its dead battery, was she finally able to contact police and end her ordeal; the police arrived at the residence around 10:00 a.m. When the police arrived, they had to make a forcible entry into the home because [Johnson] refused to allow them to enter; [the victim] was so desperate to get her children away from [Johnson] that she handed them out the window to the police, to safety. The police took [Johnson] into custody.

*Commonwealth v. Johnson*, 79 MDA 2014, at *1 (Pa. Super. Sept. 25, 2014) (quoting the trial court opinion). A jury found Johnson guilty of two counts of rape, two counts of involuntary deviate sexual intercourse, aggravated assault, aggravated indecent assault, and simple assault.[1] Johnson was sentenced to 28 to 56 years' incarceration, and this court affirmed the judgment of sentence. Our Supreme Court denied Johnson's petition for allowance of appeal on March [1], 2011. *Commonwealth v. Johnson*, 13 A.3d 991 (Pa. Super. 2010), *appeal denied*, 17 A.3d 1252 (Pa. 2011) (unpublished memorandum). Johnson filed numerous PCRA petitions between 2012 through 2018, none of which merited relief. *Id.*

---

[1] 18 Pa.C.S. § 3121(a)(2), 3123(a)(2), 2702(a)(1), 3125(a)(1), & 2701(a)(3).

Johnson initiated the current proceedings by filing an "Agreement to Conduct Motion for Post Conviction (DNA) Testing Pursuant to 42 Pa.C.S. § 9543.1(B)(1)" on December 14, 2018.[2]  He filed an identical document on April 2, 2019.[3]  Johnson requested DNA testing of certain evidentiary samples that were collected prior to his trial.  The samples were listed in a four-page laboratory report that had been admitted into evidence at his trial.  The report confirmed that Johnson's DNA was a major contributor to a semen sample recovered from the victim's rape kit.  However, the report noted that additional samples taken from the victim were not tested for DNA, and Johnson argues that testing of these samples would establish his actual innocence.  He also sought DNA testing of knives that were recovered from the crime scene, as the testing only confirmed that the samples collected from the knives were not blood.

On August 29, 2019, Johnson filed a "Supplement to Petitioner's Motion for Post Conviction DNA Testing" and the PCRA court filed a Notice of Intent to Dismiss on October 4, 2019.  Johnson filed objections to the Notice of

_____

[2] While motions for post-conviction DNA testing are governed by the PCRA, they are subject to different pleading requirements and the jurisdictional time bar does not apply.  *In re Payne*, 129 A.3d 546, 553 n.11 (Pa. Super. 2015).

[3] These two documents were apparently marked as correspondence by the Prothonotary and were not initially transmitted to the PCRA court for consideration.  *See* PCRA Court Opinion, 10/21/19, at 4-5.

Intent to Dismiss on October 18, 2019, and the PCRA court denied the motion on October 21, 2019, finding that it was untimely and that Johnson had not met the pleading requirements for post-conviction DNA testing. Johnson filed a timely notice of appeal, and he and the trial court have complied with Pa.R.A.P. 1925.[4]

In his brief to this court, Johnson does not argue that he has met the requisites for further DNA testing of the evidence collected in his case. Rather, he argues that the full lab report containing the results of the DNA testing should have been provided to the jury during its deliberations.[5] He also argues that his sentence was illegal, that the evidence was insufficient to convict, and that the PCRA court and his trial counsel were biased against him. As none of these claims were raised in his motion in the trial court, they are waived. **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Further, Johnson has waived his claim of error related to the denial of his motion for DNA

_____

[4] "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (quoting **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

[5] The lab report was entered into evidence at Johnson's trial and a lab employee testified to the results. **See Commonwealth v. Johnson**, 675 MDA 2015, at *1 (Pa. Super. 2016). However, the report was not sent to the jury room during deliberations. **See** PCRA Court Opinion, 10/21/19, at 7.

- 4 -

testing by failing to provide any argument related to the issue in his brief. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009).

Moreover, even if Johnson's claim for post-conviction DNA testing was not waived, it is meritless. A petitioner may seek post-conviction DNA testing if, *inter alia*, he sets forth a *prima facie* case that the "identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing." 42 Pa.C.S. § 9543.1(c)(3)(i). The identity of the perpetrator was not a key factual issue in this case. The victim was Johnson's wife; she immediately identified him as the perpetrator of the hours-long assault, he was arrested at the scene of the assault immediately after it occurred, and the DNA test of the semen sample from the rape kit confirmed that Johnson was a major contributor. This is not a case in which DNA testing would be relevant to identify an unknown assailant or rule Johnson out as the perpetrator. Even if Johnson's DNA is not recovered from the additional untested samples, this would not prove his actual innocence under the totality of the evidence in this case. *See Commonwealth v. Heilman*, 867 A.2d 542, 546-47 (Pa. Super. 2005) ("In DNA as in other areas, an absence of evidence is not evidence of absence."). Under these circumstances, Johnson has set forth no plausible claim that further DNA testing would establish that he was not the perpetrator of the crime, and the trial court did not err in denying his motion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/27/2020