J-S43038-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME ROBINSON | : | |
| | : | |
| Appellant | : | No. 50 WDA 2020 |

Appeal from the PCRA Order Entered December 13, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006720-2008

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.: FILED OCTOBER 16, 2020

Appellant, Jerome Robinson, appeals pro se from the order entered in the Allegheny County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. In May 2010, the trial court convicted Appellant of aggravated assault, robbery, recklessly endangering another person, and conspiracy. The court sentenced Appellant on August 30, 2010, to an aggregate term of 15-30 years' imprisonment. Although Appellant filed a direct appeal, he discontinued it on December 30, 2010. Between 2011 and 2018, Appellant unsuccessfully litigated multiple PCRA petitions.

Appellant filed the current, serial PCRA petition pro se on July 8, 2019. Appellant acknowledged the facial untimeliness of his petition but alleged he satisfied the "new constitutional right" exception to the PCRA-time bar, relying

on Commonwealth v. Lukach, 649 Pa. 26, 195 A.3d 176 (2018). On July 30, 2019, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Following a pro se response, the court dismissed the petition as untimely on December 16, 2019. Appellant timely filed a pro se notice of appeal on January 6, 2020. The court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b) concise statement.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. Commonwealth v. Zeigler, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant admits his current PCRA petition is patently untimely, but he relies on Lukach in an attempt to invoke the time-bar exception at Section 9545(b)(1)(iii) (requiring PCRA petitioner to allege and prove that right asserted is constitutional right recognized by Supreme Court of United States or Supreme Court of Pennsylvania after time period provided

- 2 -

in this section, and has been held by that Court to apply retroactively). Specifically, Appellant claims that he did not make a knowing or intelligent waiver of his right to remain silent under Miranda,[1] police officers coerced him to abandon that right after Appellant initially invoked his right to remain silent, and that any incriminating statements or physical evidence derived therefrom should have been suppressed as fruit of the poisonous tree.

In Lukach,[2] our Supreme Court held the defendant "clearly and unambiguously invoked his right to remain silent when he stated, 'Yeah. I don't know just, I'm done talking. I don't have nothing to talk about.'" Lukach, supra at 55, 195 A.3d at 193. The Court further held the interrogating officer "impermissibly induced [the defendant] to speak after he had invoked his right to remain silent, thus rendering his subsequent confession coerced and involuntary. As such, the derivative physical evidence recovered as a result of [the defendant's] confession was also properly suppressed." Id.

Nevertheless, Lukach did not announce a "new" constitutional right; instead, the Court simply applied a defendant's well-rooted Fifth Amendment right to remain silent to circumstances where the defendant had qualified his

_____

[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[2] The Supreme Court decided Lukach on October 17, 2018, so Appellant complied with the one-year time allowed under 42 Pa.C.S.A. § 9545(b)(2) (as amended, effective December 24, 2018 for claims arising on December 24, 2017 or thereafter).

invocation. See, e.g., Commonwealth v. Garcia, 23 A.3d 1059 (Pa.Super. 2011), appeal denied, 614 Pa. 710, 38 A.3d 823 (2012) (holding application of criminal defendant's long-standing constitutional right to effective assistance of counsel to new set of facts did not create "new constitutional right" under PCRA). Thus, the PCRA court properly dismissed Appellant's current petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2020