J-S48040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES EDWARD MITCHELL, | : | |
| | : | |
| Appellant | : | No. 38 WDA 2016 |

Appeal from the PCRA Order December 11, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s):  CP-02-CR-0001924-1997

BEFORE:  BOWES, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED JULY 08, 2016**

James Edward Mitchell ("Mitchell") appeals from the Order dismissing

his Petition for *habeas corpus ad subjiciendum* ("Petition").[1]  We affirm.

On May 18, 1998, a jury found Mitchell guilty of first-degree murder

and firearm violations.  The trial court sentenced Mitchell to life in prison

without parole.  This Court affirmed the judgment of sentence, after which

the Pennsylvania Supreme Court denied allowance of appeal.  ***See***

---

[1] It is well-settled that any petition filed after the judgment of sentence becomes final will be treated as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  ***See Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011).  Further, the PCRA subsumes the remedy of *habeas corpus* where the PCRA provides a remedy for the claim.  ***See Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013); ***see also*** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exists when this subchapter takes effect, including *habeas corpus*."). In his Petition, Mitchell challenges the legality of his sentence and the validity of his convictions. Because Mitchell filed his Petition after his judgment of sentence became final, and the PCRA provides a remedy for his claims, the Petition is properly treated as a PCRA Petition.

*Commonwealth v. Mitchell*, 803 A.2d 795 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 809 A.2d 903 (Pa. 2002). Mitchell subsequently filed four unsuccessful PCRA Petitions.

On October 2, 2015, Mitchell filed the instant Petition.[2] The PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. Thereafter, the PCRA court dismissed the Petition as untimely, after which Mitchell filed a timely Notice of Appeal.

Our standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

---

[2] Mitchell's current Petition was not included as part of the record. However, both parties and the PCRA court agree that the Petition was filed on October 2, 2015.

Here, Mitchell's judgment of sentence became final in January 2003, when the time for seeking review with the Supreme Court of the United States expired. **See** Sup. Ct. R. 13 (allowing ninety days to petition for a writ of *certiorari*). Accordingly, Mitchell had until January 2004, to file a timely PCRA petition. Therefore, Mitchell's October 2015 PCRA Petition is facially untimely.

However, in the event that a petition is not filed within the one-year time limitation, the PCRA provides three timeliness exceptions: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions must be filed within sixty days of the date the claim could have been presented. **Id.** § 9545(b)(2).

Mitchell has not pled or proven any of the timeliness exceptions. Based upon the foregoing, the PCRA court properly dismissed Mitchell's PCRA Petition.

Order affirmed.

J-S48040-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016