**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY M. BAKER | |
| Appellant | No. 1109 WDA 2015 |

Appeal from the PCRA Order June 23, 2015
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000197-2010

BEFORE: LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 8, 2017**

Gregory M. Baker appeals from the order, entered in the Court of Common Pleas of Beaver County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

We previously summarized the factual history of this case in a previous appeal:

> On December 3, 2009, at approximately 3:19 P.M., [Baker's] wife, Linda Baker, and a friend, Thomas Dougherty, exited the Brighton Hot Dog Shoppe located in the East Rochester Shopping Plaza along State Route 65 in East Rochester Borough, after having met for coffee. [Linda Baker] and [Dougherty] had become acquainted while both were patients in the mental health unit of the Heritage Valley Health System-Beaver and had

---

[*] Former Justice specially assigned to the Superior Court.

maintained contact after being discharged. They proceeded to their respective vehicles in the parking lot and [Dougherty] pointed out damage to [Linda Baker's] automobile. As they conversed near the vehicles, a white car suddenly arrived at their location. [Baker] exited the vehicle and approached them with a firearm in hand. Without warning, he fired two rounds into the chest of [Dougherty] while saying, "this is what you get for fucking my wife", and discharged one round into the chest of [Linda Baker]. [Baker] withdrew to the white vehicle for a few moments, returned again to the area where [Dougherty] was lying on the pavement writhing from the initial two shots, and fired two additional rounds into [Dougherty's] chest area. [Linda Baker] was also lying on the parking lot but remained motionless and feigned death without being shot again. [Dougherty] died and [Linda Baker] was seriously wounded. [Baker] immediately telephoned his sister, his two daughters and a friend in Chicago, and informed them that he had just killed his wife and [who he presumed was] her boyfriend. He then entered the white vehicle and departed the area.

A short time later, [Baker] surrendered at the New Sewickley Township Police Department accompanied by his daughter. The shootings were witnessed at various stages during the incident by 12 people in the area. [Baker] did not deny that he committed the shootings but stated that when he saw his wife and her friend hugging and kissing, he "snapped." He did not remember having a weapon or firing the shots. He recalled seeing them lying on the ground and calling his sister, two daughters and a friend, telling them that he had shot both individuals. [Baker] indicated that he was aware that Dougherty was not the individual with whom his wife was engaged in a meretricious relationship identified as Jason Fady, another person who [Linda Baker] met while being treated at the hospital and whose description [Baker] had previously obtained from a police officer. [Baker's] wife denied that [Dougherty] was kissing and hugging her while standing in the parking lot.

**Commonwealth v. Baker**, 1081 WDA 2012, at 1-2 (Pa. Super. May 13, 2013) (unpublished memorandum) (internal citations omitted).

On February 15, 2011, following a jury trial, Baker was convicted of third-degree murder, two counts of aggravated assault, and recklessly

endangering another person. Baker was acquitted of first-degree murder, voluntary manslaughter, and attempted murder.[1] On April 1, 2011, Baker was sentenced to an aggregate term of imprisonment of 30 to 60 years. On appeal, this Court affirmed Baker's judgment of sentence. *Commonwealth v. Baker*, 1081 WDA 2012 (Pa. Super. May 13, 2013).

On August 11, 2014, Baker filed the instant PCRA petition alleging his trial counsel, Stephen Colafella, Esquire, provided ineffective assistance of counsel. On June 23, 2015, the PCRA court issued its notice of its intent to dismiss Baker's PCRA petition pursuant to Pa.R.Crim.P. 907.[2] On July 28, 2015, Baker timely filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). He raises the following issues on appeal:

> [Baker] has alleged the following deficiencies of trial counsel to establish the ineffectiveness of counsel at trial:
>
> 1. Counsel failed to file a motion to suppress the oral statements made by the appellant upon his surrender to the police following the shooting[.]

---

[1] 18 Pa.C.S. § 2502(c), 18 Pa.C.S. §§ 2702(a)(1) and 2702(a)(4), 18 Pa.C.S. § 2705, 18 Pa.C.S. § 2501(a), 18 Pa.C.S. § 2503, 18 Pa.C.S. §§ 901(a) and 2501(a), respectively.

[2] The PCRA court's dismissal was docketed as "Order Denying Post Sentence Motion Pursuant to Pa.R.Crim.P 720(B)(3)." However, the order correctly states the following: And now, this 23rd day of June, 2015, upon consideration of the petitioner's petition for *post-conviction collateral relief*, after hearing thereon, it is hereby ordered and directed that the petitioner's petition is denied." PCRA Order, June 23, 2015, at 1 (emphasis added).

2. Trial counsel presented no character testimony on behalf of the appellant and did not provide legally sufficient reasons for the failure to do so[.]

3. Trial counsel failed to request the trial court for a jury instruction on the elements of involuntary manslaughter when the evidence supports a possible find of reckless or grossly negligent conduct.

Brief of Appellant, at 2-3.

Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059 (Pa. Super. 2011). It is well settled that any and *all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final*, unless one of the three statutory exceptions applies. *Id.* at 1061-62. These exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), (iii). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). A PCRA petition invoking one of these three exceptions must be filed within 60 days of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

This Court affirmed Baker's judgment of sentence on May 13, 2013. **Baker**, **supra**. Baker did not file a petition for allowance of appeal to our Supreme Court, and thus Baker's judgment of sentence became final on June 13, 2013. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903. Therefore, Baker had one year, or until July 13, 2014, to file a petition under the PCRA. However, Baker did not file the instant petition until August 11, 2014, and thus his petition is facially untimely. **See Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007) (defendant's petition for relief filed pursuant to PCRA was untimely, where petition was filed more than one year from date defendant's judgment became final). Moreover, Baker does not attempt to explain whether his petition falls under one of the three statutory exceptions to the PCRA. **Garcia**, **supra**. We find Baker has failed to comply with the PCRA's timeliness requirement, and thus, the trial court correctly dismissed Baker's petition. **See Boyd**, **supra** (if PCRA petition is untimely filed, court lacks jurisdiction to address claims contained therein).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2017