J-S69029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK ELLIS | : | |
| | : | |
| Appellant | : | No. 2923 EDA 2018 |

Appeal from the PCRA Order Entered September 17, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0004869-2017.

BEFORE: SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 04, 2020**

Frederick Ellis appeals *pro se* from the order granting his petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. Ellis contends that the PCRA court should have granted him further relief in the form of "rescinding" the entry of his guilty plea. Because this appeal is procedurally defective, we quash.

The PCRA court summarized the pertinent facts as follows:

> On April 15, 2017, the complainant returned to his home and found his apartment ransacked with a significant amount of his property missing, including an assault rifle, two handguns, electronics and jewelry. He later was shown a video taken from a neighbor's camera which showed [Ellis] go in the property with others and leave with a full duffel bag. A search warrant was executed on [Ellis'] home and

_____

[*] Retired Senior Judge assigned to the Superior Court.

all of the firearms and most of the complainant's other property was recovered. [Ellis] was home at the time and was arrested. Police recovered his cell phone which had further evidence tying him [to] the crime. [Ellis] had previously been convicted of Robbery and therefore was unable to possess a firearm.

PCRA Court Opinion, 4/22/19, at 2-3.

The PCRA court also summarized the pertinent procedural history as follows:

On August 14, 2017, [Ellis] pled guilty to Burglary (F1), Conspiracy (F1), and to a Violation of the Uniform Firearms Act 6015 (F2). He was sentenced to a negotiated term of forty-eight to one hundred twenty months in State Prison. The written plea documents as well as the notes of testimony clearly reflect that [Ellis] was pleading guilty to F1 Burglary where no one was present. Through a clerical error, the clerk drafted a sentencing order reflecting that [Ellis] pled guilty to F1 Burglary- Person Present. On March 23, 2018, [Ellis] filed a Pro Se [PCRA petition] alleging that he was convicted under the wrong subsection of Burglary (18 Pa.C.S.A. §3502(a)(1)(i)), which is a violent crime, whereas the facts support a conviction under § 3502(a)(2). On June 7, 2018, [PCRA] counsel filed an amended PCRA petition. The Relied Requested was "that [Ellis] be resentenced under the correct section of the charge of Burglary to which [Ellis] pled to." On September 17, 2018, this Court granted [Ellis'] PCRA petition and ordered that the charge of Burglary reflect §3502(a)(2).

PCRA Court Opinion, 4/22/19, at 1-2 (citation omitted). This *pro se* appeal followed.[1] Both Ellis and the PCRA court have complied with Pa.R.A.P. 1925.

Ellis now raises the following three issues:

_____

[1] Following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the PCRA court permitted Ellis to proceed *pro se*.

1. Did the PCRA court [err] by denying [Ellis] his due process rights under the 6th and 14th Amendment[s] of the United States Constitution by not affording [Ellis] the right to rescind his guilty plea when it was determined that the statute did not apply to [Ellis]?

2. Did the PCRA court abuse its discretion by changing the statute and denying re-sentencing when the Commonwealth agreed with [Ellis'] petition that all of the elements [were] not met to sustain a conviction under the statute that was [pled] to?

3. [Ellis] is actually and factually innocent of burglary, and by PCRA [counsel's] ineffectiveness by not raising pre-trial [counsel's] ineffectiveness for failing to investigate the case properly and informing [Ellis] of the charges against him resulting in coercion of a guilty plea which [Ellis] would not have done but for [counsel's] ineffectiveness?

Ellis' Brief at 4 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012).

Before addressing the merits of Ellis' issues, we must first determine whether his appeal is properly before us. We conclude that it is not.

A fundamental component of the determination concerning whether an appeal is final and appealable relates to its effect on the aggrieved party. ***Commonwealth v. Polo***, 759 A.2d 372 (Pa. 2000). Rule of Appellate Procedure 501 provides: "Except where the right to of appeal is enlarged by

statute, any party who is **aggrieved** by an appealable order, or a fiduciary whose estate or trust is go aggrieved, may appeal therefrom." Pa.R.A.P. 501 (emphasis added).

An aggrieved party is one who "[has] been adversely affected by the decision from which the appeal is taken." *Polo*, 759 a.2d at 373 n.1. By contrast, a prevailing party is not aggrieved insofar as there is no adverse action from which to invoke appellate relief. *Commonwealth v. Dellissanti*, 831 A.2d 1159, 1163 n.7 (Pa. Super. 2003) (*en banc*), *reversed on other grounds*, 876 A.2d 366 (Pa. 2005). Thus, a prevailing party "does not have standing to appeal an order that has been entered in his or her favor." *Polo*, 759 A.2d at 373 n.1.

In *Commonwealth v. Fitzpatrick*, 159 A.3d 562 (Pa. Super. 2017), this Court quashed a defendant's cross-appeal from an order granting his motion for judgment of acquittal because he was not an aggrieved party. In that case, a jury convicted Fitzpatrick of first-degree murder and the court imposed life imprisonment. Fitzpatrick filed post-sentence motions challenging the weight and sufficiency of the evidence supporting his conviction, as well as a claim regarding the admission of certain evidence. Following the submission of briefs and oral argument, the trial court granted the motion in part. As we explained in *Fitzpatrick*, "Specifically, the trial court denied [Fitzpatrick's] request for a new trial, but granted [his] motion for judgment of acquittal based on the Commonwealth's failure to present sufficient evidence to sustain a first-degree murder conviction." *Fitzpatrick*,

159 A.3d at 566. Thereafter, the Commonwealth filed a timely appeal, and Fitzpatrick filed a cross-appeal.

In quashing Fitzpatrick's cross-appeal, this Court invoked the above-referenced legal principles and concluded that, because Fitzpatrick prevailed below, he was not an aggrieved party. We reasoned, "even though the trial court did not grant [Fitzpatrick's] request for a new trial, we fail to see how he was aggrieved by the order granting his request for judgment of acquittal so as to endow him with standing to file the instant cross-appeal." *Fitzpatrick*, 159 A.3d at 572.

Here, similar to the status as the cross-appellant in *Fitzpatrick*, Ellis was not adversely affected by the order from which this appeal is taken, as Ellis received precisely the relief he requested—the PCRA court amended his sentencing order to reflect the proper section of the burglary statute to which he pled guilty. Thus, because the PCRA court granted Ellis' specific request for relief, Ellis is not an aggrieved party, and the instant appeal is improper.

In his reply brief, Ellis cites this Court's recent decision in *Commonwealth v. Shaw*, 214 A.3d 283 (Pa. Super. 2019), to support his position that, on appeal, he can raise a layered claim of PCRA counsel's ineffectiveness for failing to raise the additional claims he raised in his *pro se* PCRA petition regarding trial counsel's alleged ineffectiveness. *Shaw* is readily distinguishable. In *Shaw*, this Court concluded that Shaw's claim of PCRA counsel's ineffectiveness was not waived on appeal because PCRA counsel "abandoned the only claim [Shaw] had presented at the PCRA

hearing" by failing to include it in Shaw's Rule 1925(b) statement. ***Shaw*** 214 A.3d at 292-93.  Here, by contrast, except for Ellis' request for resentencing, Ellis' other claims were never raised before the PCRA court.  Thus, Ellis cannot raise his claim of PCRA counsel ineffectiveness for the first time on appeal. ***See generally***, ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*).

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/4/20